UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Alan May,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-12-1086-PHX-PGR (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

**I. MATTER UNDER CONSIDERATION**

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 22, 2012 (Doc. 1). On October 26, 2012, Respondents filed their Limited Answer (Doc. 12). Petitioner filed a Reply on January 3, 2013 (Doc. 16).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

**II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

**A. PROCEEDINGS AT TRIAL**

On March 17, 1987, Petitioner was indicted in Maricopa County Superior Court on one count of Molestation of a Child, and four counts of Sexual Conduct with a Minor, arising out of conduct with three different victims under the age of 15. (Exhibit A, Indictment.) (Exhibits to the Answer, Doc. 12, are referenced herein as "Exhibit ___.")

1

Petitioner eventually entered into a written Plea Agreement (Exhibit B), wherein Petitioner agreed to plead guilty to one amended count of attempted molestation of a child.  In exchange, Petitioner was to be placed on probation, up to lifetime probation, and as a condition of probation was sentenced to one year in the county jail, and the remaining charges were to be dismissed.  On April 29, 1987, Petitioner entered a plea of guilty pursuant to the terms of the Plea Agreement.  (Exhibit C, M.E. 4/29/87.)

On May 27, 1987, Petitioner appeared for sentencing.  Imposition of sentence was suspended, Petitioner was placed on lifetime probation, and was ordered to serve one year in the county jail as a condition of probation.  (Exhibit D, Sentence.)

On June 11, 1987, the terms of Petitioner's probation were modified to specify that he was to have no contact with a child under the age of eighteen without prior approval from the supervising adult probation officer.  (Exhibit E, Modification.)

Petitioner then admitted violations of probation on February 1, 2002, December 10, 2002, March 1, 2004, and October 5, 2006, and each time was reinstated on probation, albeit with additional conditions.  (Exhibits E, M.E. 2/1/02; F, M.E. 2/21/02; G, M.E. 12/10/02; H, M..E. 1/23/03; I, M.E. 3/1/04; and J, M.E. 10/5/06.)

On April 7, 2008, Petitioner was found by the court to have again violated his probation, and Petitioner was sentenced to ten years in prison.  (Exhibit L, M.E. 4/7/08.) Petitioner signed a Notice of Rights of Review (Exhibit M), which included notice of the 90 day deadline for filing a notice of post-conviction relief.

## B.  PROCEEDINGS ON DIRECT APPEAL

As a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## C.  PROCEEDINGS ON POST-CONVICTION RELIEF

On December 14, 2009, over 20 months after his sentence, Petitioner filed an

"Application for Nunc Pro Tunc Order for Correction of Sentence" (Exhibit N), arguing *inter alia* that Petitioner's sentence should be based upon the statutes in effect at the time of his offense, which limited his probation to five years and made him eligible to be released after serving 50% of any sentence.

On March 30, 2010, the PCR court construed the Application as a petition for post-conviction relief, and denied it as untimely. (Exhibit O, M.E. 3/30/10.)

On April 14, 2010, Petitioner filed a Motion for Reconsideration (Exhibit P), again arguing that his release date was being miscalculated. The PCR court denied the motion for reconsideration on May 21, 2012. (Exhibit Q, M.E. 5/21/10.)

On or about June 1, 2012, Petitioner filed a Petition for Review with the Arizona Court of Appeals (Exhibit Q). On January 24, 2012, the Arizona Court of Appeals summarily denied review.

### D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 22, 2012 (Doc.1). Petitioner's Petition asserts the following four grounds for relief:

> (1) Petitioner's sentence is unconstitutional.
> (2) Petitioner "is eligible for release at 50% as indicated by his appearance before the parole board";
> (3) Petitioner's sentence violates his right to equal protection because general population inmates are treated differently than sex offenders by the parole board; and
> (4) Petitioner's due process rights are violated by Respondents' failure to calculate Petitioner's sentence based on the rules in effect at the time of Petitioner's conviction.

(Order 9/20/12, Doc. 7 at 1-2.) Service was ordered on September 20, 2012. (*Id*)

**Response** - On October 26, 2012, Respondents filed their Response ("Limited Answer") (Doc. 12). Respondents argue that Petitioner's claims are barred by the habeas statute of limitations, and that his claims are either procedurally defaulted or

procedurally barred,[1] and some claims are challenges to conditions of confinement not cognizable on habeas review.

**Reply** - On January 3, 2012, Petitioner filed a Reply (Doc. 16). Petitioner argues that he only recently discover the claim concerning his early release credits and thus is not barred by the habeas statute of limitations. Petitioner further argues that any failure to properly raise his claims to the state court was the result of his *pro se* status and the lack of legal assistance and resources in the prison.

### III. APPLICATION OF LAW TO FACTS

### A. TIMELINESS

#### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

#### 2. Commencement of Limitations Period

**Finality** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007). "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v.*

---

[1] Respondents do not attempt to analyze which claims were presented to the Arizona Court of Appeals and thus subject to a procedural bar, and which were not presented and thus merely procedurally defaulted.

*Schriro,* 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner was finally sentenced on April 7, 2008. (Exhibit L, Sentence.) His first PCR proceeding was commenced on the filing of his "Application" (Exhibit N) which was filed on December 14, 2009, some seventeen months after his 90 days had expired. Thus, it did not constitute "direct review" within the meaning of § 2244(d)(1).

Accordingly, Petitioner's conviction became final on July 7, 2008, when his time to file an "of-right" PCR petition expired, his one year limitations period began running thereafter, and expired one year later on July 7, 2009. Without any tolling, Petitioner's habeas petition, filed May 22, 2012, was almost 3 years delinquent.

**Discovery** - Although the conclusion of direct review normally marks the beginning of the statutory one year, section 2244(d)(1)(D) does provide an alternative of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or the elimination of the disability which prevented discovery.

Here, Petitioner claims that he did not discover his claims until being advised of his release date by the prison.

> Petitioner did not become aware of the Arizona Department of Corrections (ADC) calculation of his sentence until he received notice of same from ADC. ADC gave Petitioner a "Release Date Calculation" which prompted Petitioner's filing on December 14, 2009.

(Reply, Doc. 16 at 2.) Petitioner does not specify when he discovery his claim, and proffers nothing to suggest that he exercised due diligence in trying to discover the claim prior to that time. (For example, Petitioner does not suggest that the prison would not have earlier revealed the disputed calculation had he requested a report on his expected

release date.)

Even assuming Petitioner could not have earlier discovered his claim with due diligence, Petitioner had discovered the issue at least as of his December 14, 2009 PCR petition ("Application"), wherein he complained that "the plea agreement allows for the defendant to serve 50% of the imposed sentence before being released from custody." (Exhibit N at 3.)  In his motion for reconsideration, he more directly argued the point:

> The Dept. of Corrections sentence shows he is now serving 85% which he should be only serving 65% to his parole eligibility, and his parole would equal the same of the original sentence.

(Exhibit P, Motion at 2.)

Thus, Petitioner knew of his claim based on the early release date calculation at least before December 14, 2009.  If his one year began running then, it would have expired at least by December 14, 2010, and thus his Petition would have been over 18 months delinquent.

Moreover, this would only make timely those claims which depend upon Plaintiff's knowledge of the prison's calculation of his early release date. The limitations period on those claims which were revealed by the sentence itself would have run from the finality of conviction.

### 3.  Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Here, Petitioner's one year began running primarily on July 8, 2008 and expired on July 7, 2009.  It is true that Petitioner thereafter filed his PCR petition (Exhibit N) and Petition for Review (Exhibit R). However, the primary limitations period had already expired as of that time.  Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

2003).

Moreover, for a state petition to toll the statute of limitations, it must be "properly filed." 28 U.S.C. § 2244(d)(2). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) the Court held that when a state post-conviction petition is untimely under state law, then it is not "properly filed" within the meaning of § 2244(d)(2) for purposes of statutory tolling. Here, Petitioner's PCR petition was dismissed as untimely. (Exhibit O, M.E. 3/30/10.) And, this Court looks through the summary denial by the Arizona Court of Appeals to the "last reasoned decision," *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). which was the PCR court's dismissal as untimely. Accordingly, neither the PCR petition nor the petition for review were "properly filed" and thus do not toll the statute of limitations

Accordingly, Petitioner is not entitled to statutory tolling and his Petition is untimely.

### 4.  Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). In the context of addressing his procedural default/procedural bar issues, Petitioner

attempts to justify his procedural failings by pointing to his limited legal experience and resources. Petitioner complains that he has proceeded "to the best of his abilities given the limited legal and law references available to him through ADC." (Reply, Doc. 16 at 3.)

A prisoner's *pro se* status is not an extraordinary circumstance. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000). A prisoner's "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Indeed, outside the realm of capital punishment, it is being represented in filing a habeas petition that is extraordinary.

Moreover, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999). ). *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

It is true that the inadequacies of a prison law library and lack of notice of the AEDPA may be extraordinary circumstances. *See Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000). Here, however, Petitioner points to nothing in particular in any such limitations that precluded him from a timely federal filing.

Moreover, even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). *But see Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), McKeown, J. dissenting (arguing that equitable tolling should work a stoppage of the clock, with a resulting extension of the deadline). Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d

1015, 1018, n.1 (9th Cir. 2003). Petitioner proffers nothing to show that he showed diligence in the face of his limited training and resources. He was able to layout his claims at least as of December, 2009, and yet failed to file his federal habeas petition until two and one half years later.

Petitioner fails to proffer anything to show that limitation in his training or resources was extraordinary, that they made it impossible for him to timely file his petition, or that he was diligent in the face of those limitations. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### 5. Actual Innocence

The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

### 6. Summary

Petitioner's time for seeking "direct review" ended on July 7, 2008, when his time to file an "of-right" petition for post-conviction relief expired. Accordingly, Petitioner's conviction was final and his one year limitations period began running after July 7, 2008, and expired one year later on July 7, 2009. Assuming he could not have earlier discovered his claims based upon the disclosure of his early release calculations, then arguable his one year began running at least as of December 14, 2009, when he filed his PCR petition based on the calculations. In that instance, his one year would have expired on December 14, 2010.

Petitioner had no properly filed state petitions pending during those year periods, and thus he is entitled to no statutory tolling. Petitioner has failed to show that in the face of reasonable diligence extraordinary circumstances made it impossible for him to file his federal habeas petition on time, and thus he is entitled to no equitable tolling. Therefore, his federal habeas petition, filed on May 22, 2012 is untimely, and must be

dismissed with prejudice.

## B. OTHER DEFENSES

Respondents also argue that Petitioner's claims are either procedurally defaulted or were procedurally barred under an independent and adequate state ground, and that some are non-cognizable challenges to his conditions of confinement.  Because the undersigned finds the Petition plainly barred by the statute of limitations, these other defenses are not reached.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed May 22, 2012 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED.**

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a

party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 22, 2013

James F. Metcalf
United States Magistrate Judge

12-1086r RR 13 02 19 on HC.docx